IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANGELA MOORE                                                                                    PLAINTIFF

V.                                                                         CIVIL ACTION NO. 1:10CV170-B-D

SHEARER-RICHARDSON MEMORIAL
NURSING HOME AND DAVID KENNEDY                                              DEFENDANTS

### ORDER

Presently before the court is the defendant David Kennedy's motion to dismiss individual claims and claim for punitive damages. Upon due consideration, the court finds that the motion is not well taken and shall be denied.

Factual and Procedural Background

The plaintiff, Angela Moore, brings this action pursuant to 42 U.S.C. §§ 1981 and 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., against her former employer, defendant Shearer-Richardson Memorial Nursing Home ("Shearer-Richardson"), and her immediate supervisor, defendant David Kennedy, alleging claims of race discrimination and First Amendment retaliation as well as state law tort claims of discharge in violation of public policy, assault and battery, and malicious interference with employment, pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq. In addition to compensatory damages and reinstatement, Moore sues for punitive damages against Kennedy.

Moore, an African-American female, was employed as a housekeeper at Shearer-Richardson's facility located in and owned by Chickasaw County, Mississippi, for approximately fifteen years. Defendant David Kennedy, a white male, was Moore's immediate supervisor during all times relevant to this lawsuit. Moore alleges that on February 5, 2010, she inquired of Kennedy regarding a scheduling issue. According to the plaintiff, Kennedy lost his

temper during the conversation and grabbed Moore by her shoulder and pulled her violently into his office, holding her by her clothing and refusing to release her. Moore then freed herself and told Kennedy that she was leaving to go to the local police office to report his assault of her. She returned to work on her next scheduled work day, February 7, 2010, but was sent home and told to report again on Monday, February 8, 2010. Moore's employment was terminated on that date, allegedly in part because she left to report the assault on February 5, 2010.

Kennedy was subsequently tried and convicted of simple assault in the Municipal Court of Okolona, Mississippi. He has appealed his conviction to the Circuit Court of Chickasaw County, Mississippi.

Kennedy now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against him in his individual capacity – namely, the alleged assault and battery claim and the malicious interference with employment claim, as well as the claim for punitive damages. He asserts these claims are barred by the Mississippi Tort Claims Act.

## Standard of Review

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). In considering a motion to dismiss, the court reviews the facts as pled in the light most favorable to the plaintiff. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 129 S. Ct. at 1949. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 232-33 (5th Cir. 2009). If there are insufficient factual allegations to raise a right to relief above the speculative level or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly,* 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

## Analysis

Defendant Kennedy asserts that the claims against him in his individual capacity as well as the claim for punitive damages are prohibited by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq. The defendant quotes § 11-46-7(2), which states, in part:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.

The defendant omits an important part of this section, however. Section 11-46-7(2) also states:

> For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its

3

> employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.

Miss. Code Ann. § 11-46-7(2); *see also* § 11-46-5. The plaintiff directs the court to the section omitted by the defendant and asserts that Kennedy is not entitled to immunity because he acted with malice and committed a criminal offense.

The court finds that the plaintiff has satisfied the 12(b)(6) standard set forth above in alleging a claim of malicious interference with employment, an intentional tort which obviously contains an element of malice. *See generally*, *Cenac v. Murry*, 609 So. 2d 1257, 1268 (Miss. 1992) ("Malice...is the intentional doing of a harmful act without justification or excuse, or stated differently, the willful violation of a known right."). The complaint expressly alleges that "Kennedy's actions were malicious and willful, calculated to cause damage to Plaintiff and were done with the purpose of interfering with Plaintiff's employment." Because this claim alleges malice, Kennedy is not afforded the protection of immunity set forth in Section 11-46-7(2) on this claim, at least at the 12(b)(6) stage of this litigation.

Nor is the defendant shielded from personal liability as to the plaintiff's claim for assault and battery. In assaulting a plaintiff, a defendant "waive[s] the protections of sovereign immunity afforded under the provisions of the MTCA and is individually liable for his actions and any subsequent damage which they may have caused." *Kirk v. Crump*, 886 So. 2d 741, 747 (Miss. App. 2004).

The defendant cites a case from this district, *Herman v. City of Shannon*, 296 F. Supp. 2d 709 (N.D. Miss. 2003), in support of his argument that he is entitled to immunity under the MTCA because he did not act outside the course and scope of his employment. In *Herman*, police officers pursued a motor vehicle after its driver refused to stop per the officers' command.

*Id.* at 710. At the conclusion of the pursuit, one of the officers, now on foot, fired shots into the vehicle when the non-compliant driver intentionally drove the truck into the right side of the officer's body. *Id.* at 711. One shot passed through the driver's arm and entered a passenger's leg. *Id.* The passenger sued, alleging claims which included the state law claims of assault, battery, and aggravated assault. *Id.* at 709. The court dismissed the state law claims in accordance with Miss. Code Ann. § 11-46-7(2) after finding that it was "clear that the officers' actions did fall within the course and scope of employment . . . ." *Id.* at 715.

The court finds *Herman* distinguishable from the present case. A police officer firing a weapon at a non-compliant suspect when the lives of the officer or others are endangered is certainly within the course and scope of a police officer's employment. A nursing home supervisor grabbing an employee by her shoulders, pulling her into his office, holding her by her clothing, and refusing to release her is a different matter altogether. If the plaintiff is able to prove these allegations, defendant Kennedy has clearly acted outside the course and scope of his employment.

The defendant has been convicted of simple assault in Okolona Municipal Court. He has appealed his conviction to the Circuit Court of Chickasaw County, but the appeal – and indeed even the conviction – are irrelevant in the present context. In examining the defendant's motion to dismiss, the court is only concerned with whether the plaintiff has asserted her claim in a manner that satisfies the 12(b)(6) standard set forth above. The court finds that she has done so. Her claims against defendant Kennedy in his individual capacity, therefore, survive dismissal under Rule 12(b)(6).

The defendant also seeks dismissal of the plaintiff's claim for punitive damages against Kennedy. The Mississippi Tort Claims Act provides:

> No judgment against a governmental entity or its employee for any act or omission for which immunity is waived under this chapter shall include an award for exemplary or punitive damages or for interest prior to judgment, or an award of attorney's fees unless attorney's fees are specifically authorized by law.

Miss. Code Ann. § 11-46-15(2). As discussed above, an employee acting outside the course and scope of his employment is not afforded the protection of the MTCA.[1] Because the plaintiff has alleged that defendant Kennedy did act outside the course and scope of his employment, the plaintiff's claim for punitive damages against Kennedy should not be dismissed at this time. The Mississippi Supreme Court has held "that a plaintiff can recover punitive damages . . . if there is a demonstrated willful or malicious wrong or if there is gross, reckless disregard for the rights of others." *Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 79 (Miss. 2003). The plaintiff in the case sub judice has alleged willful or malicious wrongdoing on the part of Kennedy, and her claim for punitive damages survives dismissal at this stage.

---

[1] *See* Miss. Code Ann. § 11-46-7(2); *see also* § 11-46-5(2) ("For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.").

Conclusion

In accordance with the foregoing analyis, it is hereby **ORDERED AND ADJUDGED** that the defendant David Kennedy's motion to dismiss individual claims and claim for punitive damages is **DENIED**.

This, the 26th day of September, 2011.

*/s/ Neal Biggers*
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**